CASEY JENSEN, Bar No. 263593
Email: cjensen@deconsel.com
STEPHEN ZELLER, Bar No. 265664
Email: szeller@deconsel.com
members of DeCARLO & SHANLEY,
a Professional Corporation
533 S. Fremont Avenue, Ninth Floor
Los Angeles, California 90071-1706
Telephone (213) 488-4100
Telecopier (213) 488-4180

ATTORNEYS FOR PLAINTIFFS, CARPENTERS SOUTHWEST
ADMINISTRATIVE CORPORATION and BOARD OF TRUSTEES
FOR THE CARPENTERS SOUTHWEST TRUSTS

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARPENTERS SOUTHWEST ADMINISTRATIVE CORPORATION, a California non-profit corporation; and BOARD OF TRUSTEES FOR THE CARPENTERS SOUTHWEST TRUSTS,<br><br>Plaintiffs,<br><br>v.<br><br>HD ADJUSTING & CONSTRUCTION doing business as HD ADJUSTING & CONSTRUCTION, LLC, a New Mexico limited liability company; and HD ADJUSTING & CONSTRUCTION, INC., a New Mexico corporation, and DOES 1 through 10, inclusive,<br><br>Defendants. | CASE NO.<br><br>COMPLAINT FOR:<br><br>1. DAMAGES FOR FAILURE TO PAY FRINGE BENEFIT CONTRIBUTIONS<br><br>2. SPECIFIC PERFORMANCE FOR SPECIFIC MISSING REPORTS<br><br>3. INJUNCTIVE RELIEF FOR FAILURE TO TIMELY FILE AND PAY EMPLOYER MONTHLY REPORTS |

**JURISDICTION**

1. This is a civil action 1) to recover fringe benefit contributions, 2) for specific performance for specific missing reports, and 3) for injunctive relief to timely file and pay employer monthly reports moving forward. This action arises and jurisdiction of the court is founded on section 301 of the Labor-Management Relations Act of 1947, as amended ("LMRA"), 29 U.S.C. §185a, and sections 502 and 515 of the Employee Retirement Income Security Act of 1974, as amended

("ERISA"), 29 U.S.C. §1132 and 1145.

**PARTIES AND OTHERS**

2. CARPENTERS SOUTHWEST ADMINISTRATIVE CORPORATION, a California non-profit corporation ("CSAC") is a non-profit corporation duly organized and existing under and by virtue of the laws of the State of California. CSAC's principal place of business is in the County of Los Angeles, State of California.

3. At all relevant times herein, the BOARD OF TRUSTEES FOR THE CARPENTERS SOUTHWEST TRUSTS were and now are fiduciaries and are duly authorized and acting trustees of those ERISA Trust Funds defined in paragraph six.

4. CSAC and BOARD OF TRUSTEES FOR THE CARPENTERS SOUTHWEST TRUSTS are also authorized agents to act on behalf of the remaining Funds and entities (defined in paragraph nine) with respect to these delinquencies. CSAC and BOARD OF TRUSTEES FOR THE CARPENTERS SOUTHWEST TRUSTS are sometimes collectively referred to as PLAINTIFFS.

5. The true names and capacities, whether individual, corporate, associate, or otherwise, of defendants named herein as DOES 1 through 10, are unknown to PLAINTIFFS, who therefore sue the defendants by such fictitious names, and PLAINTIFFS will amend this complaint to show their true names and capacities when the same have been ascertained.

6. At all relevant times the Southwest Carpenters Health and Welfare Trust, the Southwest Carpenters Pension Trust, the Southwest Carpenters Vacation Trust, and the Southwest Carpenters Training Fund, were and are express trusts which exist pursuant to section 302 of the LMRA, 29 U.S.C. §186, and multiemployer plans within the meaning of section 3 of ERISA, 29 U.S.C. §1002.

7. At all relevant times the Construction Industry Advancement Fund of Southern California, the Residential Housing Contract Administration Trust Fund,

the Contractors-Carpenters Grievance and Arbitration Trust, and the Contract Administration Trust for Carpenter-Management Relations, were and are express trusts which exist pursuant to section 302 of the LMRA, 29 U.S.C. §186.

8. At all relevant times the Carpenters-Contractors Cooperation Committee ("CCCC"), was and is a non-profit California corporation which exists pursuant to section 5(b) of the Labor Management Cooperation Act of 1978, 92 Stat. 2020 (1978), for the purposes set forth in section 302(c)(9) of LMRA, 29 U.S.C. §186(c)(9).

9. CSAC is the administrator of Southwest Carpenters Health and Welfare Trust, Southwest Carpenters Pension Trust, Southwest Carpenters Vacation Trust, and Southwest Carpenters Training Fund, and assignee of the Construction Industry Advancement Fund, and the Carpenters-Contractors Cooperation Committee, Grievance Obligation Trust Fund, and the Carpenters International Training Fund (collectively, the "PLANS"), and as such is a plan fiduciary within the meaning of section 3 of ERISA, 29 U.S.C. §1002.

10. The duly authorized and acting trustees or directors of each of the PLANS have also assigned to CSAC all their right, title and interest in and to any and all amounts due and owing to the respective PLANS by the employer as herein alleged.

11. Southwest Regional Council of Carpenters and its affiliated local unions ("UNIONS") affiliated with United Brotherhood of Carpenters and Joiners of America, are labor organizations that are a party to the collective bargaining agreements involved.

12. At all relevant times employer, HD ADJUSTING & CONSTRUCTION doing business as HD ADJUSTING & CONSTRUCTION, LLC, a New Mexico limited liability company; and HD ADJUSTING & CONSTRUCTION, INC., a New Mexico corporation ("EMPLOYER"), was and is a contractor engaged in the construction industry within the jurisdiction of the UNIONS.

# FIRST CLAIM FOR RELIEF
## (DAMAGES FOR FAILURE TO PAY FRINGE BENEFIT CONTRIBUTIONS)

13. On or about the date set forth thereon, EMPLOYER, made, executed and delivered to the UNION, a Southwest Regional Council of Carpenters New Mexico/West Texas Statewide Agreement dated October 23, 2018 ("STATEWIDE AGREEMENT"). A true and correct copy is attached hereto marked as Exhibit "1," and incorporated herein by reference.

14. The STATEWIDE AGREEMENT binds EMPLOYER to the terms and conditions of the Labor Agreement between the Associated General Contractors and the Southwest Regional Council of Carpenters, dated June 1, 2017, and any renewals or subsequent Master Labor Agreements, and the PLANS' agreements and any amendments, modifications, extensions, supplementations or renewals of the PLANS' agreements (collectively referred to as "AGREEMENTS"). The PLANS are third party beneficiaries of the Associated General Contractors and Master Labor Agreements.

15. The AGREEMENTS require EMPLOYER to pay fringe benefit contributions at the rates set forth therein for every hour worked by employees performing services covered by the AGREEMENTS, and on account of all compensation paid to employees performing services covered by the AGREEMENTS.

16. The AGREEMENTS require EMPLOYER to make the fringe benefit contributions by way of Employers Monthly Reports to the PLANS at their place of business in Los Angeles, California, on or before the 25th day of each month following the month during which the hours for which contributions are due were worked or paid. Further, the AGREEMENTS specifically provide that the venue of an action to recover delinquent fringe benefit contributions, shall be in the County of Los Angeles.

17. The AGREEMENTS provide that the amount of contractual damages to the PLANS resulting from a failure to pay contributions when due shall be presumed to be the sum of $25.00 per delinquency or 10 percent of the amount of the contributions due, whichever is greater, which shall become due and payable to the CSAC as liquidated damages in addition to the unpaid contributions or contributions paid late.

18. EMPLOYER engaged workers who performed services covered by the AGREEMENTS and who performed labor on works of construction in Southern California undertaken by EMPLOYER during the term of the AGREEMENTS.

19. EMPLOYER has failed to pay the fringe benefit contributions required by the AGREEMENTS, and there is now due and owing the PLANS from EMPLOYER in the amounts set forth in Exhibit "2".

20. The AGREEMENTS require EMPLOYER to pay for the expense of auditing EMPLOYER business records if an audit by the PLANS indicates that EMPLOYER failed to report and pay all contributions. A true and correct copy of Audit Invoice No. CBR-21-0022 is attached as Exhibit "3."

21. As a result of the failure to pay fringe benefit contributions in the manner prescribed by the AGREEMENT, EMPLOYER is liable for interest on the contributions from the first of the month following the date due, at the rate prescribed by the AGREEMENTS.

22. As a result of the failure to pay fringe benefit contributions, EMPLOYER is liable for an amount equal to the greater of interest on the unpaid contributions as prescribed by section 6621 of the Internal Revenue Code of 1954, 26 U.S.C. §6621, or liquidated damages provided for under the AGREEMENTS.

23. It has been necessary for PLAINTIFFS to engage counsel to bring this action to recover the delinquent fringe benefit contributions. Pursuant to the AGREEMENTS and section 502(g)(2) of ERISA, 29 U.S.C. §1132(g)(2), EMPLOYER is liable for reasonable attorneys' fees incurred in litigating this

matter.

24. The PLANS have complied with all conditions precedent.

25. EMPLOYER is delinquent in contributions in a further sum, the exact amount of which is unknown to PLAINTIFFS, and PLAINTIFFS will move to amend this complaint when the true amount of the fringe benefit contribution delinquency is determined.

## SECOND CLAIM FOR RELIEF
## (SPECIFIC PERFORMANCE FOR SPECIFIC MISSING REPORTS)

26. PLAINTIFFS reallege and incorporate herein by reference each and every allegation contained in paragraphs 1 through 25 of their First Claim for Relief, and allege for a Second Claim for Relief against EMPLOYER for Specific Performance for Missing Reports, as follows:

26. This action for specific performance arises and jurisdiction of the court is founded on section 301 of the Labor-Management Relations Act of 1947 ("LMRA") (29 U.S.C. §185A) and section 502 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended (29 U.S.C.A §1132).

27. The AGREEMENTS require EMPLOYER to complete and submit Employers Monthly Reports (" to the PLANS at their place of business in Los Angeles, California REPORTS") stating the amount of contributions owed along with fringe benefit contributions rates, on or before the 25th day of each month following the month during which the hours for which contributions are due were worked or paid for.

28. EMPLOYER has failed to submit REPORTS and contributions for the following months: January 2020 through the present.

29. The PLANS have no adequate or speedy remedy at law, as the PLANS are unable to calculate the amount owing.

30. PLAINTIFFS have, concurrently with the filing of this complaint, served

6

a copy of the same upon the Secretary of Labor and Secretary of the Treasury.

## THIRD CLAIM FOR RELIEF
### (INJUNCTIVE RELIEF FOR FAILURE TO TIMELY FILE AND PAY EMPLOYER MONTHLY REPORTS)

31. PLAINTIFFS reallege and incorporate herein by reference each and every allegation contained in paragraphs 1 through 30 of their First and Second Claims for Relief, and allege a Third Claim for Relief for injunctive relief.

32. ERISA section 502(a) provides in part: "A civil action may be brought . . . (3) by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this title or the terms of the plan. . . ."

33. Additionally, section 515 of ERISA (29 U.S.C. § 1145), as amended, provides "Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement."

34. EMPLOYER has failed to submit REPORTS and/or remit full contributions to the PLANS for the period of January 2020 through present, and may fail to furnish REPORTS or remit contributions to the PLANS for subsequent months.

35. As a result of EMPLOYER'S failure to submit reports and/or pay contributions on the dates on which its contributions were due, EMPLOYER has become indebted to the PLANS for contributions, liquidated damages, and interest.

36. PLAINTIFFS timely notified EMPLOYER by letter of each delinquency and of the assessment of each delinquency, and repeatedly demanded payment of the delinquencies. To date, EMPLOYER has failed to pay the delinquencies owed to the PLANS.

37. EMPLOYER'S failure to promptly pay its delinquencies to the PLANS on the dates on which such contributions were due is a violation of the AGREEMENTS.

38. EMPLOYER'S delinquencies to PLAINTIFFS have occurred from January 2020 and are continuing.

39. EMPLOYER will continue to refuse to submit reports and/or fail to pay contributions to the PLANS and thereby create future unpaid delinquencies during the remaining terms of the AGREEMENTS. Unless EMPLOYER is enjoined from failing to make its contributions and restrained from incurring delinquencies, the PLANS will suffer irreparable injury for which there is no adequate remedy at law since, among other things, the PLANS will be required to bring a multiplicity of actions at law to recover the missing reports and/or the delinquencies as they occur, to the PLANS' great expense and hardship. Further, unless EMPLOYER is so enjoined, based on experiences with other similarly situated employers, the PLANS have little prospect of ever collecting on the additional delinquencies incurred as such employers frequently petition for bankruptcy, dissolve or otherwise cease doing business as a result of the financial difficulties involved in their delinquencies, and the PLANS are unable thereafter to collect delinquencies thus owing.

WHEREFORE, PLAINTIFFS pray for judgment as follows:

## FOR PLAINTIFFS' FIRST CLAIM FOR RELIEF
## FOR DAMAGES FOR FAILURE TO PAY FRINGE BENEFIT CONTRIBUTIONS

1. For unpaid contributions in the sum of $57,347.95;

2. For interest and liquidated damages, as provided in the AGREEMENTS;

3. For a statutory amount equal to the greater of the interest on unpaid contributions, which were owing as of the time of the filing of the complaint herein

(at the rate prescribed by law), or liquidated damages as provided in the AGREEMENTS, in an amount to be determined;

## FOR PLAINTIFFS' SECOND CLAIM FOR RELIEF
## FOR SPECIFIC PERFORMANCE FOR SPECIFIC MISSING REPORTS

1.  That EMPLOYER be compelled to forthwith submit the REPORTS for the following month along with the appropriate contributions: January 2020 through present.

## FOR PLAINTIFFS' THIRD CLAIM FOR RELIEF
## FOR INJUNCTIVE RELIEF FOR FAILURE TO TIMELY FILE AND PAY EMPLOYER MONTHLY REPORTS

1.  For issuance of both preliminary and permanent injunctions restraining and enjoining EMPLOYER, for so long as EMPLOYER remains bound to make any payments or contributions to the PLANS, from failing to deliver or cause to be delivered to PLAINTIFFS, no later than the 25th day of the month:

    a.  A complete, truthful, and accurate Employer's Monthly Report to Trustees covering all employees of EMPLOYER employed during the previous month under the AGREEMENTS;

    b.  A declaration from a responsible employee of EMPLOYER attesting from his or her personal knowledge under pain and penalties of perjury to the completeness, truthfulness, and accuracy for the Monthly Report; and

    c.  Check for the full amount owing on the Monthly Report.

2.  For payment of the Employers Monthly Reports to Trustees for the months of January 2020 through present, and so long as EMPLOYER remains bound to make any payments of contributions to the PLANS.

///

///

///

9

**AS TO ALL OF PLAINTIFFS' CLAIMS FOR RELIEF:**

1. For reasonable attorneys' fees;
2. For audit costs;
3. For costs of this action;
4. For further contributions according to proof; and
5. For such other and further relief as the court deems proper.

Dated: July 28, 2021

DeCARLO & SHANLEY,
a Professional Corporation

By: _____
CASEY JENSEN
Attorneys for Plaintiffs,
CARPENTERS SOUTHWEST
ADMINISTRATIVE CORPORATION
and BOARD OF TRUSTEES FOR THE
CARPENTERS SOUTHWEST TRUSTS